BYRNE REALTY COMPANY, THE BARNETT NATIONAL BANK AND WILLIAM T. ABBOTT, *Appellants,* v. SOUTH FLORIDA FARMS COMPANY, *Appellee.*

On Petition for Rehearing.

PER CURIAM.—The resolution of the Trustees of the Internal Improvement Fund, dated March 15, 1884, by which the Trustees "employed Col. John A. Henderson" "to make further selections of land  *  and to procure

the proofs required   *   for the approval of such selections" "of land granted to the State by Act of Congress, September 28th, 1850," is a mere employment of an agent whose future services were to be compensated for at two cents per acre "for such selections which may be patented to the State, and to be paid in such lands at schedule prices." The resolution was not a floating grant or conveyance of land or a contract to convey particular lands, and it did not create a trust in any lands for the benefit of Col. John A. Henderson; nor did it give Col. Henderson a right of selection of lands as his compensation without the consent of the Trustees; and the certificate "Exhibit A," issued by one of the trustees who was salesman for the trustees, was not binding on the trustees.

The contract between Col. Henderson and Messrs. Dunne and Kreamer was an executory contract for the sale of all the lands to be earned by Col. Henderson under his employment by the Trustees of the Internal Improvement Fund, the price not being stated in the cross-bill, and it is not sufficiently alleged that there was a completed sale by Col. Henderson to Dunne and Kreamer of the lands covered by "Exhibit A" for a fully paid price under the contract or independently of it; or that there was a binding contract covering the particular lands embraced in "Exhibit A."

Under the ground of the demurrer that there is no equity in the cross-bill, all the elements that affect an asserted equity may be discussed.

Rehearing denied.

TAYLOR AND WHITFIELD, J. J., AND GIBBS, Circuit Judge, concur.